UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROGER MCDONNELL,

    Plaintiff,

v.                                                                             Case No: 5:21-cv-315-GKS-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

### REPORT AND RECOMMENDATION[1]

Plaintiff initially filed this social security appeal in state court and the Commissioner removed it to this Court. (Doc. 1). Plaintiff challenges an alleged overpayment of Social Security retirement benefits and an arrearage of his Medicare Part B insurance premiums. The Commissioner has moved to dismiss the claims for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and (h)(3). (Doc. 9). The Court agrees that this action should be dismissed.

    I.    **Standard of Review**

The objection that a federal court lacks subject matter jurisdiction under Rule 12(b)(1) "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A party may attack subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure by either a facial or a factual attack. *See Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.,* 524 F.3d 1229, 1232-33 (11th Cir. 2008). "Facial attacks to subject matter jurisdiction require the court merely to look and see if the plaintiff's complaint has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-36 (11th Cir. 2013). In a factual challenge to subject-matter jurisdiction—such as we have here—a district court can "consider extrinsic evidence such as deposition testimony and affidavits." *Id*. at 1336. To that end, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted).

## II.   Background

Because the Commissioner has raised a factual challenge to subject matter jurisdiction, the Court can properly consider the declaration of Clatoiya Bell Carter (Doc. 9-1 "Carter Decl.") offered by the Commissioner in support of the motion. Ms. Carter is a program analyst at the Southeastern Program Service Center in the Atlanta Regional Office of the Social Security Administration ("SSA") and she reviewed the records and conducted an investigation of the status of Plaintiff's Social Security benefits and his Medicare Part B coverage. (Carter Decl. ¶¶1-3).

According to Ms. Carter, the SSA granted Plaintiff's January 2018 application for Social Security retirement benefits and Medicare Part B coverage (*Id.* ¶ 4). The SSA paid Plaintiff retirement benefits for the months of October 2017 through the present. (*Id.* ¶ 4). In addition, Plaintiff received Medicare Part B insurance coverage beginning in July of 2018 ((*Id.* ¶ 4). He later appealed the effective date of his Medicare coverage and the SSA awarded Medicare Part B coverage effective April 2018 (*Id.* ¶ 4).

By notice dated April 22, 2021, the SSA advised Plaintiff it overpaid his benefits by $5,485.70 between August 2019 through November 2020 because the SSA had not received the proper documentation of his lawful presence in the United States as a legal alien (*Id.* ¶ 5; Ex. 1). Also, although Plaintiff was not currently receiving retirement benefits, the SSA advised that it could reinstate payment of his benefits beginning in January 2021 (*Id.* ¶ 5; Ex. 1).

The notice explained that if Plaintiff disagreed with the overpayment decision, he could ask for a waiver, appeal the decision, or do both (*Id.* ¶ 5; Ex. 1). The notice explained that if Plaintiff contacted the SSA within thirty days, the SSA would not recover the overpayment until his case was reviewed (*Id.* ¶ 5; Ex. 1). It further explained that Plaintiff had sixty days after receipt of the notice to appeal, and to do so he had to fill out a Request for Reconsideration form, an SSA-561 form (*Id.* ¶ 5; Ex. 1).

On April 23, 2021, the SSA sent Plaintiff an additional notice advising that Plaintiff would begin getting benefits starting in April 2021 and that he had properly received benefits from August 2019 through December of 2020, contrary to the information in the April 22, 2021 notice (*Id.* ¶ 6; Ex. 2). However, it explained that Plaintiff had an arrearage on his

Medicare Part B insurance premiums, of $437.50, which the SSA intended to deduct from his future benefit checks (*Id.* ¶ 6; Ex. 2).

The notice explained that if Plaintiff disagreed with the decision, he could appeal the decision and that he had sixty days after receipt of the notice to appeal, by filling out a Request for Reconsideration form. (*Id.* ¶ 6; Ex. 2). On June 17, 2021, the Leesburg Field Office received Plaintiff's two Requests for Reconsideration: (1) the overpayment set out in the April 22, 2021 notice, which conflicted with the agency's April 23, 2021 notice; and (2) the Medicare Part B premium arrearage set out in the April 23, 2021 notice (*Id.* ¶ 7). The agency's Southeastern Program Service Center received the two Requests for Reconsideration on June 23, 2021. (*Id.* ¶ 7). Plaintiff's Requests for Reconsideration remain pending a decision at the Southeastern Program Service Center. (*Id.* ¶ 8).

### III. Discussion

Here, Plaintiff is attempting to bring this action against the Commissioner of Social Security. However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *King v. U.S. Gov't*, 878 F.3d 1265, 1267 (11th Cir. 2018) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). In order to be effective, a waiver of the Government's sovereign immunity must be "unequivocally expressed." *Id*. Where a right, such as the right to sue, is a creature of statute, and the statute provides a special remedy, that remedy is exclusive. *United States v. Babcock*, 250 U.S. 328, 331 (1919).

The Social Security Act provides for district court review of the Secretary's determinations. Title 42 U.S.C. § 405(g) provides in pertinent part:

> Any individual, after any **final decision** of the Commissioner of Social Security made **after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a

> civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). In addition, 42 U.S.C. § 405(h) states in pertinent part:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added).

The Supreme Court has held that 42 U.S.C. § 405(g) is the sole avenue for judicial review of claims arising under the Act. *Heckler v. Ringer*, 466 U.S. 602, 614-15, 627 (1984) (citing *Weinberger v. Salfi*, 422 U.S. 749, 757-58 (1975) (holding, after analysis of 405(h) of the Act, that section 28 U.S.C. 1331 did not apply to claims seeking to recover benefits against the agency). Here, there is no dispute that Plaintiff's claim arises directly from the Commissioner's handling of his benefits applications under the Act and is thus subject to the requirements of 42 U.S.C. § 405(g)-(h).

The Act "empowers district courts to review a particular type of decision by the Secretary, that type being those which are "final" and "made after a hearing." *Weinberger*, 422 U.S. at 764. Pursuant to agency regulations, a claimant generally must complete a four-step administrative review process to obtain a judicially reviewable final decision. *See* 20 C.F.R. § 404.900(a)(1)-(5) (2021); *accord Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988) (summarizing the agency administrative process). Prior to obtaining a "final decision," a claimant must receive an initial determination. 20 C.F.R. § 404.902. Initial determinations include whether

an overpayment of benefits must be repaid to the agency. *See* 20 C.F.R. § 404.902(c). If dissatisfied with the initial determination, the claimant may ask for reconsideration. *See* 20 C.F.R. § 404.907. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an Administrative Law Judge (ALJ). *See* 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ's decision rendered after a hearing, he may request the Appeals Council review the ALJ's decision. *See* 20 C.F.R. § 404.967. Only if the Appeals Council denies the claimant's request for review or grants the claimant's request for review and issues its own decision may the claimant then seek judicial review of the Commissioner's "final decision" by filing an action in federal district court within sixty (60) days after receiving notice of the Appeals Council's action. *See* 20 C.F.R. §§ 404.981, 422.210(a), (c).

Here, Plaintiff has not alleged that he completed the administrative review process and received a "final decision" regarding the SSA's overpayment determination and decision that he had an arrearage on his Medicare Part B premiums (Doc. 1-1 at 3-5; Carter Decl. ¶¶ 7, 8). To the contrary, the SSA has offered evidence that Plaintiff has only gotten to the point of seeking reconsideration of both the overpayment and the Medicare premium arrearage on June 17, 2021; and that both requests for reconsideration remain pending. Accordingly, there are still several administrative steps necessary before Plaintiff can request judicial review of the agency's initial determinations—i.e., receive decisions on his requests for reconsideration, request a hearing before an ALJ, receive an ALJ decision, request review of the ALJ's decision with the Appeals Council, and then receive either a denial of review or a decision from the Appeals Council. See 20 C.F.R. §§ 404.921, 404.929, 404.967, 404.981, 422.210 (a), (c).

While courts have excused exhaustion under certain circumstances—such as where the claimant raises a colorable constitutional claim, a challenge wholly collateral to his claim for benefits, or a colorable showing that his injury could not be remedied by the retroactive payment of benefits after exhaustion, *see Heckler v. Ringer*, 466 U.S. 602, 618 (1984)—no such circumstances are present in this case. Indeed, Plaintiff's claim arises directly from the Commissioner's handling of his benefits applications under the Act and is thus subject to the requirements of 42 U.S.C. § 405(g)-(h) and the Commissioner's administrative exhaustion regulations.

### IV.  Recommendation

Accordingly, because Plaintiff failed to exhaust his administrative remedies necessary to establish subject-matter jurisdiction under 42 U.S.C. § 405(g), the Commissioner's motion to dismiss should be **GRANTED**.

Recommended in Ocala, Florida on August 12, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy